UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES,

                    Plaintiff,                              Case No. 13-cr-20622

v                                                           Honorable Thomas L. Ludington

D-1    ROY C. BRADLEY, SR.,
D-2    GERALD ESSEX,
D-3    RODOLFO RODRIGUEZ,

                    Defendants.

_____/

**ORDER DENYING DEFENDANTS' MOTIONS FOR BILL OF PARTICULARS,
TO DISMISS INDICTMENT, FOR DISCOVERY, FOR EXTENSION OF TIME
TO FILE MOTIONS, TO SUPPRESS, AND GRANTING IN PART DEFENDANT
ESSEX'S MOTION TO SEVER**

Gerald Essex and Roy Bradley, Sr., are charged with four violations of the Clean Air Act. The charges allege that Essex and Bradley failed to properly handle, remove, and dispose of asbestos-containing material during the renovation of a building now used by the Bay City Academy. Their co-defendant, Rodolpho Rodriguez, is charged with obstructing the investigation into the asbestos-related offenses and lying to the grand jury.

Essex and Bradley each filed several motions in limine. Essex filed six motions: (1) motion for a bill of particulars; (2) motion to dismiss indictment; (3) motion for discovery; (4) motion for extension of time to file motions; (5) motion to suppress; and (6) motion to sever. Bradley's four motions are substantially similar and request the same relief as Essex's first four motions.

# I

Essex and Bradley first request a bill of particulars. Essex argues that a bill of particulars is necessary to explain "what the Government has alleged that the Defendant, Gerald A. Essex, has done which would make him responsible." ECF No. 28 at 4. Essex claims that without a bill of particulars, he "is unable to adequately prepare for a defense . . . ." *Id*. Similarly, Bradley asserts that he "is hampered in his ability to prepare for trial in this matter because he does not know the specific conduct he is being called upon to defend . . . ." ECF No. 39 at 5.

Federal Rule of Criminal Procedure 7(f) provides that a "court may direct the government to file a bill of particulars." The purposes of a bill of particulars, which should be considered by a court ruling upon such a motion, are: (1) to ensure that a defendant understands the nature of the charges against him so that he can adequately prepare for trial; (2) to avoid or minimize the danger of unfair surprise at trial; and (3) to enable the defendant to plead double jeopardy if he is later charged with the same offense "when the indictment itself is too vague and indefinite for such purposes." *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). Thus, the test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise. *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008).

A motion for a bill of particulars lies within the sound discretion of the trial court. *United States v. Kendall*, 665 F.2d 126, 134 (6th Cir. 1981). The bill of particulars is not intended as "a means of learning the government's evidence and theories." *Id*. A defendant is not entitled to a bill of particulars if the purpose of the bill is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial. *Id*.

On August 29, 2013, Essex and Bradley were charged in a four-count indictment that alleges:

## Count 1
### (42 U.S.C. § 7412(h))

From on or about August 18, 2010 to on or about September 2, 2011, the precise times unknown, in the Eastern District of Michigan, Northern Division, Roy C. Bradley, Sr., and Gerald A. Essex, defendants herein, aided and abetted each other, and others both known and unknown to the grand jury, as the persons operating, controlling and supervising a demolition and renovation activity involving at least 260 linear feet and 160 square feet of regulated asbestos-containing material, that is the demolition and renovation of a former church in Bay City, Michigan into a building to be used as a school by the Bay City Academy, knowingly failed to remove and cause the removal of all regulated asbestos-containing material from that facility in accordance with the National Emission Standards for Hazardous Air Pollutants, as required by 40 C.F.R. § 61.145(c)(1), before beginning any activity as part of the demolition and renovation project that would break-up, dislodge, and similarly disturb the regulated asbestos-containing material and otherwise preclude access to the material for later removal, all in violation of 42 U.S.C. §§ 7414(h) and 7413(c)(1) and 18 U.S.C. § 2.

## Count 2
### 42 U.S.C. § 7412(h)

From on or about August 18, 2010 to on or about September 2, 2011, the precise times unknown, in the Eastern District of Michigan, Northern Division, Roy C. Bradley, Sr., and Gerald A. Essex, defendants herein, aided and abetted each other, and others both known and unknown to the grand jury, as the persons operating, controlling and supervising a demolition and renovation activity involving at least 260 linear feet and 160 square feet of regulated asbestos-containing material, that is the demolition and renovation of a former church in Bay City, Michigan into a building to be used as a school by the Bay City Academy, knowingly failed to adequately wet and cause employees under their supervision to adequately wet all of the regulated asbestos-containing material disturbed during the demolition and renovation in that facility, and ensure that the material remained wet until collected and contained and otherwise treated in preparation for disposal in accordance with the National Emission Standards for Hazardous Air Pollutants, as required by 40 C.F.R. § 61.145(c)(6), all in violation of 42 U.S.C. §§ 7412(h) and 7413(c)(1) and 18 U.S.C. § 2.

## Count 3
### 42 U.S.C. § 7412(h)

From on or about August 18, 2010 to on or about September 2, 2011, the precise times unknown, in the Eastern District of Michigan, Northern Division, Roy C. Bradley, Sr., and Gerald A. Essex, defendants herein, aided and abetted each

other, and others both known and unknown to the grand jury, as the persons operating, controlling and supervising a demolition and renovation activity involving at least 260 linear feet and 160 square feet of regulated asbestos-containing material, a facility regulated by the National Emission Standards for Hazardous Air Pollutants found at 40 C.F.R. § 61.145, that is the demolition and renovation of a former church in Bay City, Michigan into a building to be used as a school by the Bay City Academy, did knowingly strip, remove, and otherwise handle and disturb regulated asbestos-containing material, and cause employees under their supervision to strip, remove, and otherwise handle and disturb asbestos-containing material, without at least one on-site representative, such as a foreman or management-level person or other authorized representative, trained in the provisions of and the means of complying with the National Emission Standards for Hazardous Air Pollutants governing asbestos-containing material being present, as required by 40 C.F.R. § 61.145(c)(8), all in violation of 42 U.S.C. §§ 7412(h) and 7413(c)(1) and 18 U.S.C. § 2.

## <u>Count 4</u>
### 42 U.S.C. § 7412(h)

From on or about August 18, 2010 to on or about September 2, 2011, the precise times unknown, in the Eastern District of Michigan, Northern Division, Roy C. Bradley, Sr., and Gerald A. Essex, defendants herein, aided and abetted each other, and others both known and unknown to the grand jury, as the persons operating, controlling and supervising a demolition and renovation activity involving at least 260 linear feet and 160 square feet of regulated asbestos-containing material, that is the demolition and renovation of a former church in Bay City, Michigan into a building to be used as a school by the Bay City Academy, knowingly failed to deposit and cause employees under their supervision to deposit all asbestos-containing waste material as soon as practical at a waste disposal site operated in accordance with the National Emission Standards for Hazardous Air Pollutants governing disposal sites for asbestos-containing waste material, as required by 40 C.F.R. § 61.150(b), all in violation of 42 U.S.C. §§ 7412(h) and 7413(c)(1) and 18 U.S.C. § 2.

Indictment 1-5, ECF No. 3.

The indictment sets forth the elements of the offense charged and sufficiently apprises Essex and Bradley of the charges to enable them to prepare for trial. Each count details the specific actions that Essex and Bradley are alleged to have taken in violation of 42 U.S.C. § 7412(h). The indictment also sets out the names of all indicted co-conspirators, the relevant dates of the violations, the means and methods of the violations, and the location of the violations. Essex's and Bradley's motions for a bill of particulars will therefore be denied.

- 4 -

## II

Essex and Bradley next seek to dismiss the indictment because it is deficient on its face. Essex claims that the indictment fails to provide "notice as to the exact nature of the facts that the Government possesses which they intend to use at trial nor allow the Defendant adequate information so that the Defendant can adequately prepare for trial." ECF No. 30 at 5.

Like Essex, Bradley claims that the indictment does not set forth the "precise activities" that Bradley allegedly engaged in. ECF No. 40 at 3. In addition, he challenges the merits of the indictment, claiming that because "[n]o evidence produced by the Government provides sufficient indication that defendant Bradley *knowingly* undertook or supervised <u>removal</u> or *knowingly* failed to meet any obligation to timely and properly <u>dispose</u> asbestos related material," the indictment must be dismissed. *Id*. at 2-3 (emphasis original).

An indictment is constitutionally adequate[1] if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). "[T]he indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime." *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001). An indictment is usually sufficient if it states the offense using the words of the statute itself. *Id*. Furthermore, courts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based. *Id*. at 1080.

---

[1] The Notice Clause of the Sixth Amendment requires that a criminal defendant has the right "to be informed of the nature and cause of the accusation" against him. U.S. Const. amend. VI; *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000). Further, the Indictment Clause of the Fifth Amendment requires that a defendant be charged with only those charges brought before the grand jury. U.S. Const. amend V.; *Maney*, 226 F.3d at 663.

Here, the indictment, coupled with the discovery provided to Defendants, "fairly informs the Defendant[s] of the charge against which [they] must defend . . . ." *Hamling*, 418 U.S. at 117. Each count details the specific actions that Essex and Bradley are alleged to have taken in violation of 42 U.S.C. § 7412(h). The indictment also sets out the names of all indicted co-conspirators, the relevant dates of the violations, the means and methods of the violations, and the location of the violations. Thus, upon review, the Court concludes that the indictment states the relevant elements and provides sufficient facts of the acts and locations attributed to Defendants. Defendants' motions to dismiss will be denied.

### III

Both Essex and Bradley filed a motion for discovery, requesting the disclosure of:

1. The names of the witnesses the Government intends to introduce at the time of trial;
2. A list of names of any and all confidential informants that have been used in this case;
3. Any and all materials tending to discredit or impeach the credibility of any witness;
4. The names of any and all unindicted co-conspirators that the Government plans to use at trial;
5. Any and all proffers and Rule 11 agreements entered into by any cooperating co-defendant;
6. Copies of the entire grand jury proceeding.

*See* ECF Nos. 32, 38.

In response, the Government states that it "is aware of and intends to comply with its continuing discovery obligations . . ." and has already provided over 2,000 pages of discovery materials. ECF No. 43. The Government argues, however, that the discovery sought by Defendants greatly exceeds the scope of those discovery obligations. Specifically, the Government argues that Defendants' requests for the grand jury transcript are expressly precluded by Rule 16(a)(2),(3) and 18 U.S.C. § 3500.

The Federal Rules of Criminal Procedure do not require the Government to disclose the information Essex and Bradley seek in their respective motions. Rule 16(a) governs the Government's disclosure requirements, enumerating specific items that the Government is required to produce upon motion. Rule 16(a)(3), however, specifically exempts grand jury testimony from such disclosure. Moreover, the Government has already provided Defendants with extensive discovery materials. Defendants' motions for discovery will be denied.

**IV**

Both Essex and Bradley claim that they need additional time to file motions in limine before trial. They claim that the Government recently provided them over 2,000 pages of discovery material, including environmental reports, phone records, inspection reports, and photographs the week before Thanksgiving.[2] *See* 36 at 2. They claim that "defense counsel need time to sort through the material to determine what pre-trial motions in limine should be filed in relation to such proffered evidence" and wish to preserve the right to file pre-trial motions in limine. ECF No. 38 at 2.

Beyond the assertion that they need additional time to inspect discovery materials, the parties do not offer any further explanation of why an extension for filing motions in limine is warranted. The Court does not believe an extension is warranted at this time, and Defendants' motions for extension of time to file will be denied without prejudice.

**V**

Essex's next motion asserts that his grand jury testimony should be suppressed because the Government deceived him. Essex was subpoenaed and called to testify about the events in this matter in front of a grand jury. Once Essex took the stand, the prosecutor stated that "And

---

[2] The parties do not provide a precise date for when the Government provided the discovery documents to Defendants, but it appears to be near the week of November 18-22, 2014.

this means that you are not a target or a subject to this investigation, but rather you're a witness." ECF No. 31 at 4. Essex claims that this statement was "misleading" and a "trick." *Id*. Thus, Essex argues, "it was improper for the Assistant U.S. Attorney to tell [Essex] that he was not a target or subject of the investigation and yet turn around and charge [him]" and his statements should be suppressed. *Id*. at 2.

The Government's response to the motion to suppress does not address the merits of the motion. Instead, the Government states that "it will not use the testimony given by Essex before the grand jury on October 10, 2012 in its case-in-chief if Essex goes to trial," and reserves the option to use the grand jury testimony for impeachment, rebuttal, sentencing, or other proper purpose. The Government claims that Essex did not give it a meaningful chance to concur in the motion to suppress, and it would have done so had Essex not immediately filed the motion to suppress.

Although the Government claims that it will not use Essex's grand jury testimony in its case-in-chief, the testimony would not need to be suppressed. The failure to inform Essex that he was a target before he made statements to the grand jury does not mandate the suppression of his statements. The Supreme Court has rejected the argument that the failure to inform a target of a grand jury investigation of his status as such is a constitutional violation. *United States v. Washington*, 431 U.S. 181, 189 (1997). In *United States v. Myers*, the Sixth Circuit further held that, even if the failure to provide a target letter violated the Department of Justice Manual, such a violation would not require the suppression of the defendant's grand jury testimony because the Department of Justice regulations do not create rights that are enforceable by criminal defendants. 123 F.3d at 356.

Defendant Essex points to *United States v. Jacobs*, a case in which the Second Circuit affirmed an order suppressing a defendant's grand jury testimony after the Government did not warn the defendant/witness that he was the subject of the investigation. 547 F.2d 772 (2d Cir. 1976). However, the Sixth Circuit has warned that, since *Jacobs*, "the Supreme Court has severely curtailed the ability of federal courts to fashion remedies based upon their supervisory powers." *Myers*, 123 F.3d at 356. The Sixth Circuit also looked to First and Seventh Circuit cases decided after *Jacobs* that rejected attempts to suppress grand jury testimony based upon the government's failure to comply with DOJ manual provisions. *Id*. at 357.

In light of Sixth Circuit authority and the Supreme Court's admonition that "any power federal courts may have to fashion . . . rules of grand jury procedure is a very limited one . . .", *see Williams*, 504 U.S. at 50, the Court finds that Essex's motion to suppress his grand jury testimony should be denied, even apart from the Government's stipulation.

### V

Essex filed a motion to sever based on two grounds. First, he claims that he is prejudiced by joinder with Defendants Bradley and Rodriguez because the offenses he is charged with are "not all the same and are not based on the same act or transaction and are not part of a common plan or scheme." ECF No. 29 at 2. Second, he claims that trying him jointly with Defendant Rodriguez would be in violation of *Bruton v. United States*, 391 U.S. 123 (1968). *Id*.

### a

As a general rule, persons jointly indicted should be tried together because "there is almost always common evidence against the joined defendants that allows for the economy of a single trial." *United States v. Lopez*, 309 F.3 966, 971 (6th Cir. 2002). Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of

one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539, (1993). "The fact that a defendant may have a better chance at acquittal if his trial were severed does not require the judge to grant his motion: the defendant must show 'substantial,' 'undue,' or 'compelling' prejudice." *United States v. DeFranco*, 30 F.3d 664, 669–70 (6th Cir. 1994).

Despite Essex's arguments to the contrary, it does appear that the offenses in the first four counts of the indictment all arose out of the same set of acts or omissions relating to asbestos removal during the Bay City Academy project. Thus, the bulk of the evidence that will be presented by the Government against Essex will also be part of the proof of the charges against Bradley. Furthermore, this same evidence will be presented to prove that Rodriguez saw and participated in the process of illegally removing asbestos during the renovation project. Consequently, severing Essex's trial from his co-defendants would entail presenting substantially the same evidence in multiple trials. Judicial economy therefore weighs heavily in favor of a joint trial for all the defendants in this case. Defendant Essex's motion to sever his trial from his Co-Defendants will be denied.

**b**

Essex argues that the introduction of Defendant Rodriguez's grand jury testimony will violate the rule set forth in *Bruton*. Essex explains that during the grand jury interview, Rodriguez referred to Essex's actions and statements. Essex would not be able to cross-examine Rodriguez about the grand jury testimony, and therefore the introduction of the transcript would violate Essex's constitutional right to confrontation.

A defendant has a Confrontation Clause right to cross-examine a co-defendant who incriminates him. *See Burton*, 391 U.S. 123 at 126. Therefore, a co-defendant's extrajudicial

confession, though it may be admissible against the co-defendant, is inadmissible in a joint trial if that confession incriminates the defendant and the co-defendant does not testify. *Id.* This is true even if the trial judge gives clear and concise instructions that the evidence may be considered only as to the confessing codefendant, because of the substantial risk that the jury, despite the instructions, will look to the incriminating extrajudicial statements in assessing the defendant's guilt. *Id.*

The Government acknowledges that Rodriguez's grand jury testimony raises a *Bruton* issue, but contends that there are other less inefficient means of addressing the issue. First, the Government contends that redacting some of the statements made by Rodriguez or providing limiting instructions to the jury would be sufficient.

Alternatively, the Government suggests that bifurcating the trial is appropriate. The Government suggests that the proofs as to Essex and Bradley could be presented first and then the case submitted as to those two defendants. After the jury reaches verdicts as to Essex and Bradley, then the trial could resume as to Rodriguez. "A bifurcated trial conducted along the lines just described would afford Essex the benefit of a severance and still afford some significant judicial economy to the court while reducing the risk of inconsistent verdicts." ECF No. 42.

In sum, the Court will deny Essex's motion to sever inasmuch as it seeks to sever Essex completely from Defendants Bradley and Rodriguez. However, Rodriguez's grand jury testimony raises a *Bruton* issue with respect to the other Defendants. The Court believes that bifurcation of the trial, as suggested by the Government, would protect Essex's Confrontation Clause right while simultaneously conserving judicial resources. Therefore, Essex's motion to sever will be granted in part.

**VI**

Accordingly, it is **ORDERED** that Defendant Essex's and Defendant Bradley's motions for Bill of Particulars (ECF No. 28 & 39) are **DENIED**.

It is further **ORDERED** that Defendant Essex's and Defendant Bradley's motions to Dismiss Indictment (ECF No. 30 & 40) are **DENIED**.

It is further **ORDERED** that Defendant Essex's and Defendant Bradley's motions for Discovery (ECF No. 32 & 38) are **DENIED**.

It is further **ORDERED** that Defendant Essex's and Defendant Bradley's motions for Extension of Time to File Motions (ECF No. 33 & 35) are **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that Defendant Essex's motion to Suppress Statement (ECF No. 31) is **DENIED**.

It is further **ORDERED** that Defendant Essex's motion to Sever (ECF No. 29) is **DENIED IN PART AND GRANTED IN PART**. Inasmuch as Essex's motion seeks to completely sever from his Co-Defendants Bradley and Rodriguez, Essex's motion to sever is **DENIED**. Essex's motion to sever is **GRANTED** to prevent a *Bruton* violation, and therefore the trial will be bifurcated. The proofs concerning Bradley and Essex will be submitted to a jury before proofs concerning Rodriguez are submitted.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 23, 2014

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 23, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS