UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Case No. 13-cr-20622

v                                           Honorable Thomas L. Ludington

D-1    ROY C. BRADLEY, SR.,

        Defendant.

_____/

**ORDER REJECTING STIPULATION FOR SUBSTITUTION OF COUNSEL AND STRIKING UNAUTHORIZED FILINGS**

On December 12, 2014, attorney Mark Satawa submitted a stipulation and proposed order to replace Roy Bradley's appointed counsel. Mr. Satawa submitted the proposed substitution after a jury convicted Roy Bradley on four counts of violation of the Clean Air Act. If permitted to substitute into the case, Mr. Satawa would be the third attorney to represent Bradley in this case.

When this case initiated on August 29, 2013, Bradley retained Mr. Andrew Concannon to represent him. Mr. Concannon represented Bradley for approximately nine months; on May 13, 2014, Mr. Concannon made an oral motion to withdraw as counsel. Mr. Concannon explained that he should be allowed to withdraw because Bradley had not been making payments for his legal services. The Court granted Mr. Concannon's request to withdraw and appointed counsel for the CJA appointment list on May 20, 2014.[1] ECF No. 71.

---

[1] The Court appointed counsel for Mr. Bradley because he had already been appointed counsel in a contemporaneous case, *United States v. Ingersoll, et al.*, 14-cr-20216. In that case, Mr. Bradley filed a financial affidavit and requested appointment of counsel, which was granted. Accordingly, the Court appointed Bradley counsel in the instant case relying on the same affidavit that was submitted in the *Ingersoll* case.

- 2 -

That same day, Mr. Elias Escobedo was appointed counsel for Bradley. Mr. Escobedo represented Bradley through the pretrial stages of the case and through the government's case in chief at trial.

After the Government rested, attorney Jeffrey Day attempted to substitute into the case as counsel for Bradley. During Bradley's trial, Mr. Day explained that Bradley had sought to retain him and had asked that Mr. Day represent him in the remainder of the trial:

> I was approached by Mr. Bradley. He requested my assistance in this case, and I'm seeking to come in and represent him in the remainder of the trial, Your Honor. And I did inform Mr. Escobedo of that last week as well.

December 1, 2014 Tr. 2-3, ECF No. 106. The Government opposed the request for substitution of counsel, believing that "it's basically another attempt by Mr. Bradley basically to derail these proceedings." *Id.* at 21-22.

The Court denied Mr. Day's attempt to substitute in as counsel for Bradley because (1) Bradley had already been represented by two different attorneys in the case; (2) Bradley had filed a financial affidavit under oath indicating that he could not afford to retain counsel; and (3) the request for substitution was untimely:

> [T]he last thing that we wanted to do is to interfere with Mr. Bradley getting the defense that he wishes. We've accommodated change of counsel. We have accommodated Government's financing of the defense that has been developed during the course of the case so far. [Bradley] is familiar with the defense that [Mr. Escobedo] intended to present. It does not come as a surprise to him. This is something that would have been counseled over a period of time, not only with [Mr. Escobedo] but with prior counsel. . . .
>
> He's had an opportunity to raise all the issues that he has at the 11th hour with Mr. Day, who has no background with respect to the case other than what he has heard through third parties. I'm going to respectfully deny Mr. Day's motion. I'm going to deny your motion."

*Id*. at 25-26. After the Court denied Mr. Day's motion to substitute in, Mr. Escobedo continued to represent Bradley and the defense rested without calling witnesses or introducing evidence. On December 2, 2014, a jury convicted Bradley on all four counts of the Indictment.

After Bradley was convicted, another attorney—Mr. Satawa—attempted to substitute in as counsel for Bradley. To effectuate the substitution, Mr. Satawa submitted a stipulation that simply reads: "IT IS HEREBY STIPULATED AND AGREED that Mark A. Satawa may appear in place and stead of Elias Escobedo as attorney for the Defendant." The stipulation is signed by both Mr. Satawa and Mr. Escobedo. The stipulation does not explain why Mr. Bradley is attempting to change counsel for the third time, nor does it address how he can now afford to retain new counsel—especially in light of the representations he previously made that he cannot afford to retain counsel.

The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). However, the right to counsel does not guarantee that a criminal defendant will be represented by a particular attorney. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989). "An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel." *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990).

Here, Bradley has not demonstrated good cause for allowing substitution of counsel. Therefore, Mr. Satawa's stipulation to substitute in as counsel for Bradley will be rejected. And because Mr. Satawa is not an attorney of record in this case, his unauthorized filings will be stricken from the docket.

Accordingly, it is **ORDERED** that Mr. Satawa and Mr. Escobedo's stipulation for substitution of counsel is **REJECTED**.

It is further **ORDERED** that Mr. Satawa's unauthorized filings (ECF No. 108 and 109) are **STRICKEN**.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: December 22, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 22, 2014.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS