**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

ROY C. BRADLEY, SR.,

|  |  |
|---|---|
| *Petitioner* | CRIM. CASE NO: 13-cr-20622 |
|  | CIV. CASE NO.: 1:16-cv-11190 |
| *v.* | DISTRICT JUDGE THOMAS L. LUDINGTON |
|  | MAGISTRATE JUDGE PATRICIA T. MORRIS |

UNITED STATES OF AMERICA,

        *Respondent.*

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON RESPONDENT'S MOTION TO DISMISS PETITIONER'S 28 U.S.C. § 2255**
**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 142)

## I.  RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion to dismiss

Petitioner's Motion to Vacate Sentence (Doc. 142) be **DENIED**.

## II.  REPORT

### A.  Introduction

The motion addressed by this Report and Recommendation ("R&R") is not Petitioner's

motion to vacate sentence (Doc. 138) but rather Respondent's motion to dismiss the Petition (Doc.

142) on grounds that do not reach the underlying substantive issue of ineffective assistance of trial

counsel that is raised in the motion to vacate sentence. Therefore, if the R&R is adopted, the issue

of ineffective assistance of counsel raised in the motion (Doc. 138) would remain unresolved. Both

motions are before the undersigned after having been referred by U.S. District Judge Ludington.

(Docs. 140, 143.)

On December 12, 2014, Petitioner Roy C. Bradley, Sr. ("Bradley" or "Petitioner") was convicted, after jury trial, of four counts of various knowing and unlawful practices regarding treatment of asbestos-containing material under the National Emissions Standards for Hazardous Air Pollutants under the Clean Air Act. (Doc. 98)("asbestos case" or "instant case.") On December 4, 2014, Bradley's bond conditions were modified to preclude him from contacting any government witnesses, but his co-defendants were exempted from the no-contact provision. (Doc. 105.) On January 14, 2015, an Order entered allowing substitution of retained defense counsel, Mark Satawa, for previously court-appointed counsel, Elias Escobedo. (Doc. 116.) Judgment entered on March 18, 2015, sentencing Bradley on Counts 1-4 to 60 months incarceration, to run concurrently and directing him to surrender for service of sentence "as notified by the United States Marshal." (Doc. 124.) A motion for bond was filed on March 12, 2015 (Doc. 121) and, although there is no docket entry indicating how this motion was resolved, it appears to have been resolved at the time the judgment was entered. The parties agree that Bradley is to be continued on bond until after the conclusion of his sentencing in a separate case against him described below, *i.e.*, 14-20216. Next, in the instant case, a sealed order was filed on April 17, 2015, directing Bradley to make reasonable payments toward reimbursement for legal services provided to him. (Doc. 125.) On June 24, 2015, an amended judgment was filed with the same sentence, changing special conditions of supervision. (Doc. 134.) A second amended judgment was filed on June 29, 2015, again with the same sentence but changing the special conditions of supervision. (Doc. 136.) An amended restitution addendum was also filed that day. (Doc. 137.)

Bradley did not appeal his conviction or sentence and on April 1, 2016, Bradley filed a motion to vacate sentence under 28 U.S.C. §2255. (Doc. 138.) On April 27, 2016, Respondent filed

the instant motion to dismiss the motion to vacate sentence. (Doc. 142.) Petitioner responded (Doc. 144,) and Respondent replied. (Doc. 147.) Bradley's motion was timely as it was filed before July 5, 2016.[1]

Bradley was also charged and convicted in a second case regarding conspiracy to defraud the government, tax evasion, and fraud on March 10, 2015. (14-cr-20216, Doc. 156)("tax case"). In the tax case, sentencing was originally set for June 16, 2016. (Doc. 160.)[2] A motion for acquittal/new trial was filed, responses and supplemental briefs were filed; the hearing on the motion was cancelled and the motion was denied on July 13, 2015. (Doc. 205.) A conference was held and the parties were ordered to exchange pre-sentence briefs. (Doc. 206, 211.) A status conference was held five days later, and an order was entered scheduling hearings, directing an exchange of witness lists, and ordering supplemental briefing. (Doc. 214.) Another order directing supplemental briefing was entered on December 3, 2015. (Doc. 243.) Sentencing hearings were held on December 8, 2015 (Doc. 238,) December 9, 2015 (Doc. 248,) December 10, 2015 (Doc. 249,) January 5, 2016 (Doc. 251,) January 7, 2016 (Doc. 258,) January 26, 2016 (Doc. 250,) January 27, 2016 (Doc. 265,) January 28, 2016 (Doc. 267,) February 23, 2016 (Doc. 268,) and February 24, 2016. (Doc. 278.) A status conference was held on March 9, 2016. Sentencing hearings were cancelled that had been scheduled for April 5 and 6, 2016. (Doc. 296, 298.) A status conference was held on May 15, 2016, and sentencing hearings were rescheduled for June 6, 2016 (Doc. 310,) and June 7, 2016 (Doc. 311,) but were not held. A status conference was held on May

---

[1] When a 2255 petitioner does not file an appeal, the judgment of conviction is final when the time for filing a notice of appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). According to Federal Rule of Appellate Procedure 4(b)(1), a defendant has fourteen days from the entry of judgment to file a notice of appeal. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013).

[2] All references in this paragraph are to the docket in the tax case, 14-20216.

25, 2016, and supplemental briefing was again ordered. (Doc. 313.) Another status conference was held on June 15, 2016. A sealed sentencing memorandum was filed by the government on July 8, 2016. (Doc. 322.) Sentencing hearings resumed and were held on July 11, 2016 (Doc. 314,) and July 12, 2016. (Doc. 323.) At the time of this writing, Bradley has not been sentenced on the tax case.

Respondent's motion to dismiss raises the following arguments: (1) Bradley violated Local Rule 7.1(d)(3)(A) by filing a brief in excess of 25 pages; (2) Bradley is not "in custody" as required to obtain relief under §2255; and (3) Bradley failed to exhaust his appellate remedies before seeking §2255 relief. (Doc. 142.)

Petitioner responds that: (1) the §2255 motion is not subject to the 25-page limitation and even if it were, such an error is not grounds for dismissal; (2) Bradley is in custody while on bond awaiting a report date to prison; and (3) there is no duty to raise an ineffective assistance of counsel claim on direct appeal. (Doc. 144.) Respondent replies that: (1) the page limit issue has been resolved and Bradley was granted permission to file the brief; and (2) Bradley was not in custody for purposes of §2255, citing *Lawrence v. 48th District Court*, 560 F.3d 475 (6th Cir. 2009). (Doc. 147.) The first issue regarding page limits has been resolved. The second issue regarding whether Bradley was in custody remains disputed. As to the third issue regarding exhaustion of appellate remedies, Respondent clarifies that it "does not claim that Bradley should have asserted an ineffective assistance of counsel claim on direct appeal. On the contrary, the government contends that Bradley intentionally failed to exhaust his alternative remedies, including his right to a direct appeal, that do not involve an ineffective assistance of counsel claim...his decision to do so prevents him from satisfying the third *Hensley* requirement that he

4

exhaust other avenues of relief before seeking the extraordinary relief available under §2255." (Doc. 147 at ID 2362-63), citing *Hensley v Municipal Court*, 411 U.S. 345 (1973).

Since the second and third issues are related as pertaining to the in custody requirement, as clarified by Respondent, I will address these two remaining issues contemporaneously.

### B.    Analysis and conclusions

Under §2255, a "prisoner in custody under sentence of a court established by Act of Congress...claiming the right to be released...may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255. The salient question in this case is whether Bradley, who has been sentenced in the instant case and who is on bond until sentence is imposed in the tax case, is a "prisoner in custody under sentence of a [federal] court."

The seminal case on this topic is *Hensley v. Mun. Ct.,* 411 U.S. 345 (1973). In *Hensley*, a state habeas defendant was released on his own recognizance pending execution of sentence. The Court noted that it has "consistently rejected interpretations of the habeas corpus statute that would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of arcane and scholastic procedural requirements...This same theme has indelibly marked our construction of the statute's custody requirement." *Id*. at 350. The Court held that the state petitioner released on bond was "in custody" because he "cannot come and go as he pleases" and "his freedom of movement rests in the hands of state judicial officers, who may demand his presence at any time...Disobedience is itself a criminal offense." *Id*. at 351. The Court also relied on the fact that his "incarceration is not...a speculative possibility" because a stay of execution of sentence was the only obstacle to his seizure by state authorities. *Id.* at 352. Finally, the Court noted that its decision would not "interfere with any significant interest of the State" because the petitioner had

"apparently exhausted all available state court opportunities to have that conviction set aside." *Id.* at 353.

Consistent with the rationale behind *Hensley*, case law has held that being a "prisoner in custody" is more broadly defined than simply incarcerated persons. Persons serving a term of supervised release, serving consecutive sentences, serving a probationary or parole term are considered to be "in custody" for purposes of habeas petitions under §2254 or §2255. *See Peyton v. Rowe*, 391 U.S. 54, 67 (1968)("a prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of a [state] habeas petition"); *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)(a paroled petitioner was subject to "conditions which significantly confine[d] and restrain[ed] his freedom," thus, he was in "'custody' within the meaning of the [state] habeas corpus statute."); *United States v. Fabiano*, 42 F. App'x 408, 411 (10th Cir. 2002)("At the time he filed his §2255 motion, he was on supervised release. Therefore, he has met the requirement that he be 'in custody' to be eligible for relief."); *United States v. Zack*, 173 F.3d 431, at *1 (6th Cir. 1999)("A defendant serving a term of supervised release is 'in custody' for the purposes of §2255."); *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994)(Petitioner is "in custody" under §2255 for any sentence he is currently serving or for any sentence that "has been ordered to run consecutively to another sentence under which the defendant is in custody at the time of filing the challenge"); *Olson v. Hart*, 965 F.2d 940, 942-43 (10th Cir. 1992)("Probationary status is sufficiently 'in custody' pursuant to §2254 to permit habeas relief.").

Respondent relies on *Lawrence v. 48th Dist. Ct.*, 560 F.3d 475, 480-81 (6th Cir. 2009) to conclude that Bradley is not "in custody" for purposes of a §2255 motion. However, *Lawrence* dictates the opposite conclusion. In *Lawrence*, the court analyzed the "three points" that the Court

in *Hensley* emphasized when determining whether the petitioner met the "in custody" requirement of §2254: (1) whether the person "is subject to restraints not shared by the public generally"; (2) whether the sentence that had been stayed involved incarceration; and (3) whether the petitioner had exhausted all his state remedies. *Lawrence*, 560 F.3d at 480. The Court in *Lawrence* cited Sixth Circuit precedent standing for the proposition that courts "have interpreted the decisions in *Hensley* and *Justice of the Boston Municipal Court v. Lydon*, 466 U.S. 294 (1984), to mean that personal recognizance bonds categorically suffice as restraints on liberty." *Id*.

Therefore, *Hensley* and *Lawrence* dictate that a petitioner like Bradley, who is released on bond pending execution of a sentence and imposition of another sentence, is "in custody." One of the cases cited in *Lawrence* also militates in favor of this conclusion. The Sixth Circuit found that the petitioner "was subject to a court order to report to jail to serve the remainder of his sentence. Release on personal recognizance pending execution of a sentence constitutes custody." *McMaster v. City of Troy*, 911 F.2d 733, 1990 WL 116540, at *3 (6th Cir. Aug. 13, 1990). The same holds true here. Bradley has been sentenced in the asbestos case and is subject to bond conditions imposed and modified pending resolution of his sentence in the tax case. Once sentenced in the tax case, he will be  notified by the U.S. Marshal to report to federal prison to begin serving the 60 month sentence imposed on him in the instant case and to also serve whatever sentence is imposed in the tax case. Under these circumstances, Bradley is "in custody" for purposes of his eligibility for relief under the federal or state habeas statutes, *i.e.*, §2254 and §2255. *Exton v. United States*, No. 05-80273, 2009 WL 416068, at *3 (E.D. Mich. Feb. 19, 2009)("[T]his court has imposed a sentence that Petitioner must serve if his habeas petition is unsuccessful. That pending sentence is sufficient to satisfy the 'in custody' requirement of §2255.")

7

Even if there were not a cases directly on point, reference to the "three points" in *Hensley* would compel the same conclusion. Certainly Bradley is subject to conditions of release, including that he not use alcohol, that he submit to prohibited substance testing, that he participate in substance abuse therapy if directed by pretrial services, and that he not have contact with any person who may be a witness for the government, except co-defendants. (Docs. 9, 105.) In addition, he faces certain incarceration after the court determines the appropriate sentence for him in the tax case.

Although Respondent argues that the third "point" made by the Court in *Hensley* applies and requires a finding that Bradley is not "in custody," I find that it is inapplicable to the instant case. Cases interpreting the "in custody" requirement of state habeas, *i.e.*, §2254 petitions, are persuasive because the requirement of the petitioner being "in custody" is the same under §2254 as in §2255. §2254 provides that federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

However, the *Hensley* third point, which examines whether state remedies have been exhausted, has no force in §2255 cases. First, there is no need to avoid interference with state court proceedings when the petitioner is a federal prisoner. In addition, there is an exception to the federal exhaustion requirement (also known as procedural default when not satisfied) under §2255 for ineffective assistance of counsel claims. Under federal precedent, ineffective assistance of counsel claims do not have to be raised on appeal to avoid procedural default. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Therefore, ineffective assistance of counsel claims are usually

raised for the first time in a §2255 motion. There is no equivalent exception to the exhaustion of appellate remedies for state habeas claims under §2254. Since Bradley's §2255 motion raises exclusively claims of ineffective assistance of counsel, the exhaustion portion of the *Hensley* "in custody" analysis is inapplicable to Bradley's claim brought under §2255. Thus, failure to satisfy the exhaustion prong of the *Hensley* analysis cannot be used to undermine Bradley's ability to pursue federal habeas relief under §2255.[3]

Accordingly, for purposes of §2255 Bradley is "in custody" and Respondent's motion to dismiss Bradley's motion to vacate sentence (Doc. 142) on the basis that he is not "in custody" should be denied.

### C.    Conclusion

For all the reasons stated above, I recommend that the Court deny Respondent's motion to dismiss Petitioner's motion to vacate sentence.

## III.   **REVIEW**

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932

---

[3]I also note that fairness concerns would dictate that the motion to dismiss be denied even if Bradley is not in custody. Bradley's sentencing in the tax case has not yet occurred despite the passage of over one year's time since his conviction in the asbestos case became final. Therefore, if Bradley's motion to vacate sentence were dismissed, even without prejudice, Bradley could be precluded, by the one-year limitation period, from filing a motion under § 2255 in this asbestos case. Bradley has timely filed his § 2255 motion and the unusual and lengthy passage of time between his sentencing in the asbestos case and his sentencing in the tax case is not of his making.

F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  August 9, 2016                              S/ PATRICIA T. MORRIS
                                                   Patricia T. Morris
                                                   United States Magistrate Judge


### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: August 9, 2016                          By s/Kristen Krawczyk
                                               Case Manager to Magistrate Judge Morris