UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                        Plaintiff,                          Case No. 13-cr-20622

v                                                  Honorable Thomas L. Ludington

D-1 - ROY C. BRADLEY, SR.,

                        Defendant.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, AND DENYING GOVERNMENT'S MOTION TO DISMISS**

On April 1, 2016, Defendant Roy C. Bradley filed his present petition for habeas relief pursuant to 28 U.S.C. §2255 based on claims that his trial counsel was ineffective. *See* ECF No. 138. The Government moved to dismiss the petition on April 27, 2016, arguing in part that Bradley could not satisfy § 2255's "in custody" requirement. *See* ECF No. 142. On August 9, 2016 Magistrate Judge Patricia T. Morris issued a report and recommendation concluding that the Government's motion to dismiss should be denied. *See* ECF No. 148. The Government timely objected. *See* ECF No. 149. For the reasons stated below, the Government's objections will be overruled, the report and recommendation will be adopted, and the Government's motion to dismiss will be denied.

**I.**

**A.**

On August 29, 2013 the grand jury issued an indictment charging Defendant Roy C. Bradley with four violations of the Clean Air Act, 42 U.S.C. § 7412(h) arising out of the improper remediation and disposal of asbestos. Specifically, the indictment alleged that

Defendant Bradley and two co-Defendants failed to properly handle, remove, and dispose of asbestos-containing material during the renovation of an old church building for an entity called Madison Arts, LLC.  The building is now used by the Bay City Academy.

On December 2, 2014, after a seven day jury trial, Bradley was convicted of all four counts. *See* Verdict, ECF No. 98.  At trial, Bradley was represented by appointed counsel, Mr. Elias Escobedo. Mr. Escobedo was Bradley's second attorney in this case; Mr. Andrew Concannon had previously been granted permission to withdraw as Bradley's counsel after representing him for about nine months. Following Bradley's conviction, Attorney Escobeda filed a motion to withdraw as Bradley's attorney and have Attorney Mark A. Satawa substituted in his place. *See* ECF No. 111.  This motion was eventually granted.  *See* ECF No. 116. Attorney Satawa then filed a motion for reconsideration of a Court order striking a previously filed motion for a new trial, which was denied on January 14, 2016. *Id*.

On March 12, 2015 Bradley was sentenced to 60 months of imprisonment to run concurrently.  Judgment was entered on March 18, 2015.  *See* ECF No. 124.  A first amended judgment was entered on June 24, 2015 in order to modify Bradley's restitution requirement, and a second amended judgment entered on June 29, 2015 to correct two clerical errors. *See* ECF Nos. 134, 136.

**B.**

Bradley did not immediately begin serving his sentence.  Instead, he was to remain on bond until he was sentenced in a related case, *United States v. Ingersoll*, Case No. 14-20216 (April 23, 2014).  In *Ingersoll,* Defendant Bradley, Steven J. Ingersoll – the owner of Madison Arts – and various other defendants were charged with conspiracy to commit tax evasion and wire fraud arising in part from the Bay City Academy renovation project.  After a fourteen-day

trial that began on February 10, 2015 and ended on March 10, 2015, a jury convicted Steven Ingersoll of two counts of tax evasion, and found Ingersoll and Defendant Bradley guilty of conspiring to commit tax evasion. The sentencing hearings in that matter are ongoing, and Defendant Bradley has not yet been sentenced.

While remaining on bond, Bradley filed his current petition for habeas relief pursuant to 28 U.S.C. § 2255 on April 1, 2016. *See* ECF No. 138. Bradley argues that his sentence should be vacated due to the ineffective assistance of his trial counsel. The Government moved to dismiss the petition on April 27, 2016, arguing that Bradley had not complied with the relevant page limits, that he could not satisfy the "in custody" requirement of § 2255, and that he had not properly exhausted his claims on appeal. *See* Mot. Dismiss, ECF No. 142. On August 9, 2016 Magistrate Judge Patricia T. Morris issued a report and recommendation finding that the page limit issue had been resolved, that Bradley satisfied the "in custody" requirement, and that there was no exhaustion requirement for his claim of ineffective assistance of counsel. *See* Rep. & Rec., ECF No. 148. The Government timely objected to the magistrate judge's "in custody" determination.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*,

656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

### A.

In relevant part, § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id*. Motions pursuant to § 2255 are subject to a one year statute of limitations. § 2255(f). Because Defendant Bradley did not appeal his sentence, any § 2255 motion must be brought one year from the date on which the judgment becomes final. *Id*.

The Government objects that the magistrate judge erred in determining that Bradley – a Defendant under sentence released on bond pending execution of his sentence – satisfied § 2255's "in custody" requirement. The Supreme Court of the United States has held under a variety of circumstances that a petitioner need not be confined in actual, physical custody to invoke the habeas jurisdiction of the federal courts. *See, e.g., Peyton v. Rowe*, 391 U.S. 54, 67 (1968) (holding that "a prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of a habeas petition"); *Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (holding that a paroled petitioner was subject to "conditions which significantly confine[d] and restrain[ed] his freedom," such that he was in " 'custody' ... within the meaning of the habeas corpus statute").

- 4 -

The Supreme Court expressly addressed the question of whether a defendant on bond awaiting the execution of his sentence can satisfy the "in custody" requirement in the context of a state court prisoner seeking habeas relief pursuant to 28 U.S.C. § 2254[1] in *Hensley v. Municipal Court,* 411 U.S. 345 (1973).  In *Hensley* the petitioner was sentenced in state court to one year of imprisonment.  After exhausting his available state court remedies the petitioner filed his § 2254 petition in federal district court.  *Id.* at 346. At the time of the filing the petitioner had not begun to serve his sentence, and remained on bond. *Id.* at 346-347. As a condition of his bond, the petitioner could be rearrested if he failed to appear when required to. *Id.* at 247.

The Supreme Court was faced with the question of whether the petitioner satisfied the "in custody" requirement as used in the habeas corpus statute. Noting that "[t]he custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty[,]" the Supreme Court determined that he did. *Id.* at 349.  Underlying this holding was a finding that the petitioner was "subject to restraints not shared by the public generally," namely, the obligation to appear at all times and places as ordered by the Court. *Id.* at 351.  The Court also emphasized that the petitioner remained at large only by the grace of a stay entered by the sentencing court, and that his incarceration was not a speculative possibility depending on any contingencies. *Id.*  at 351-52. The Supreme Court expressly limited its holding to cases in which a petitioner was under sentence and had satisfied all exhaustion requirements. *Id.* at 353.

---

[1] 28 U.S.C. § 2254 provides as follows:

> (a)  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

*Hensley* was discussed in depth by the Sixth Circuit in an analogous case, *Lawrence v. 48th Dist. Court*, 560 F.3d 475 (6th Cir. 2009). In *Lawrence* the petitioner filed a § 2254 petition in federal court after having been sentenced and released on bond pending the resolution of his appeals. *Id*. at 480. In determining whether the petitioner met the "in custody" requirement, the Sixth Circuit distilled a three-point test from the Supreme Court's *Hensley* opinion, finding that a petitioner must demonstrate: (1) his personal recognizance bond subjected him to restraints not shared by the public generally; (2) the sentence that had been stayed involved incarceration; and (3) he had exhausted his state remedies. *Id*. at 480. Applying the test to the case before it, the Sixth Circuit determined that the petitioner satisfied all three requirements.

### B.

In its objections, the Government essentially argues that the "in custody" requirement for a § 2255 petitioner is different than it is for a § 2254 petitioner. The Government has cited no cases in support of this argument. Instead, the rationale set forth in *Hensley* and *Lawrence* applies to this case, as Bradley is subject to bond conditions requiring him to appear at any time and his forthcoming imprisonment is not speculative or based on any contingencies. Other Courts have reached this same conclusion. *See, e.g., Exton v. United States*, 2009 WL 16068 (E.D. Mich. 2009) (holding that a § 2255 petitioner awaiting execution of his sentence satisfied the "in custody" requirement); *c.f. United States v. Slay,* 673 F. Supp. 336, 342 (E.D. Mo. 1987) (holding that, while § 2255 "permits persons under sentence of a federal court to move to vacate, set aside, or correct the sentence" even where the sentence has not yet been executed, petitioners awaiting sentencing could not seek § 2255 relief).

The Government also argues that Bradley has not complied with the relevant exhaustion requirements by choosing not to pursue any direct appeal. As noted by the magistrate judge, the

Supreme Court has explicitly held that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. U.S.*, 538 U.S. 500, 509 (2003). Because Bradley raises only ineffective assistance of counsel claims, his claims are not subject to any exhaustion requirements. The Government's objections are therefore without merit, and will be overruled.

### III.

Accordingly, it is **ORDERED** that the Government's objections, ECF No. 149, are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation, ECF No. 148, is **ADOPTED**.

It is further **ORDERED** that the Government's motion to dismiss, ECF No. 142, is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 5, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 5, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager